IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERRY W. KEENE,
    Plaintiff,

vs.                              Case No.:  3:16cv429/RV/EMT

JEB CHARLES JOHNSON, SECRETARY,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Jerry W. Keene ("Keene"), an inmate of the Florida Department of Corrections ("FDOC"), proceeds pro se and in forma pauperis in this action brought under 28 U.S.C. § 1331.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Keene, it is the opinion of the undersigned that this case should be dismissed as frivolous, because it is barred by the doctrine of res judicata.

I.     BACKGROUND

Keene sues the Secretary of the Department of Homeland Security ("DHS"), alleging that DHS has failed to respond to his requests to renounce his United States citizenship under 8 U.S.C. § 1481 (ECF No. 1 at 6–12). Keene claims this violates his federal "right to a nationality" (*id.* at 7). As relief, Keene seeks "full and complete renunciation of United States nationality" and to "change his Nationality to that of the kingdom of Saudi Arabia" (*id.* at 11). He also seeks an order compelling DHS to issue a final agency action on his request to renounce his United States citizenship (*id.* at 11, 13).

II.  ANALYSIS

The doctrine of res judicata bars the filing of claims that were raised or could have been raised in an earlier proceeding when:

> (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

Here, Keene concedes that: (1) he previously filed Keene v. United States Department of Homeland Security, Case No. 3:16cv94/LAC/CJK; (2) DHS was a party in that case; (3) the previous case raised a constitutional claim regarding a request he submitted to DHS to renounce his United States citizenship; and (4) the

case was dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which constituted a final adjudication (ECF No. 1 at 6). However, Keene argues that the final adjudication in Case No. 3:16cv94/LAC/CJK did not resolve the issue raised in either that case or the instant case, because "when seeking redress from a governmental agency, there is no need to state a claim upon which relief may be granted because plaintiff has a constitutional right to request permanent relinquishment of his nationality" (*id.* at 6, 11).

There is no question that the second and third elements of res judicata are satisfied here: the decision in Case No. 3:16cv94/LAC/CJK was rendered by a court of competent jurisdiction; and the parties, or those in privity with them, are identical in both suits. Keene appears to contends that the remaining elements are not satisfied, i.e., the prior case did not involve the same cause of action as this case (the fourth element), and the decision in the prior case was not a final judgment on the merits (the first element). Both of Keene's arguments are without merit.

"The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (quotation marks omitted). In other words, a court "must look at the factual issues to be resolved in [the

second lawsuit], and compare them with the issues explored in" the first lawsuit. S.E.L. Maduro v. M/V Antonio de Gastaneta, 833 F.2d 1477, 1482 (11th Cir. 1987). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action," then the two cases are really the same. Ragsdale, 193 F.3d at 1239.

To determine whether the instant case involves the same cause of action as Case No. 3:16cv94/LAC/CJK, the court has reviewed Keene's pleadings in that case. In Keene's Amended Complaint, he included the same factual allegations regarding DHS's failure to issue a "final agency action" on his requests to renounce/relinquish his United States citizenship. *See* Keene v. United States Department of Homeland Security, No. 3:16cv94/LAC/CJK First Amended Complaint (N.D. Fla. Mar. 25, 2016). Keene claimed that DHS violated his "Constitutional right to relinquish/renounce United States citizenship" and his due process rights. *See id.* Keene requested that the court issue an order directing DHS to issue a final decision on his requests to relinquish his citizenship. *See id.*

On April 22, 2016, the assigned magistrate judge issued a report and recommendation recommending dismissal of the case for failure to state a claim upon which relief may be granted, pursuant to § 1915(e)(2)(B)(ii). *See* Keene, No.

3:16cv94/LAC/CJK, Report and Recommendation (N.D. Fla. Apr. 22, 2016). The magistrate judge accurately set forth the factual allegations of Keene's Amended Complaint. *See id.* The magistrate judge then analyzed Keene's allegations under the appropriate legal standards, and concluded that his allegations failed to state a plausible claim for relief.[1] *See id.*

Keene filed an objection to the report and recommendation. *See* Keene, No. 3:16cv94/LAC/CJK, Objection (N.D. Fla. May 2, 2016). The district judge considered Keene's objections, and adopted the report and recommendation and incorporated it by reference in the order. *See* Keene, No. 3:16cv94/LAC/CJK, Order (N.D. Fla. May 3, 2016). The court dismissed the action, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for Keene's failure to state a claim upon which relief may be granted. *See id.* The court terminated all pending motions and directed the clerk of court to close the file. *See id.* The clerk of court entered judgment stating that the action was dismissed under § 1915(e)(2)(B)(ii), for Keene's failure to state a claim on which relief may be granted. *See id.*, Judgment (N.D. Fla. May 3, 2016). Keene's

---

[1] With regard to Keene's due process claim, the magistrate judge determined that Keene's allegations failed to state a plausible claim, because he had no constitutionally protected liberty or property interest in receiving a response to the requests he submitted to DHS. The magistrate judge further determined that Keene's allegations failed to state a plausible basis for mandamus relief, because he failed to establish a clear right to the relief he sought, that is, issuance of a formal acknowledgement from DHS that he is no longer a United States citizen.

appeal of the district court's order is pending in the Eleventh Circuit Court of Appeals, Case No. 16-12637-C. *See id.*, Notice of Appeal (N.D. Fla. May 16, 2016); USCA Case Number and Procedural Letter (N.D. Fla. May 26, 2016).

Three months after filing the notice of appeal in Case No. 3:16cv94/LAC/CJK, Keene commenced the instant case (*see* ECF No. 1).

The pleadings in both cases seek relief based on the same allegations, specifically, that DHS has failed to issue a final decision on Keene's requests to relinquish/renounce his U.S. citizenship. The similarities in the factual allegations underlying the two civil actions demonstrate that Keene is essentially seeking to relitigate in the instant case the same "nucleus of operative fact" that he alleged in his previous lawsuit. Therefore, this element of the res judicata doctrine is satisfied.

This leaves the final element, whether the decision in the prior case was a final judgment on the merits. The court's order dismissing Keene's prior case clearly stated:

> This case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

Keene, No. 3:16cv94/LAC/CJK, Order (N.D. Fla. May 3, 2016). This constitutes a final judgment on the merits for res judicata purposes. *See* NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) ("unless the court specifies otherwise, dismissal on the

grounds that the facts and law show no right to relief operates as an adjudication on the merits" for res judicata purposes); *see also* Hughes v. Lott, 350 F.3d 1157, 1161–62 (11th Cir. 2003) (§ 1915 dismissals with prejudice have a res judicata effect on future in forma pauperis complaints); *see also, e.g.*, Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (unpublished but recognized for persuasive authority) (dismissal of prior complaint for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii), constitutes a final judgment on the merits for purposes of res judicata); Harris v. Buss, No. 4:11cv146/RH/GRJ, 2011 WL 5184198, at *5 (N.D. Fla. Sept. 15, 2011) (unpublished), *Report and Recommendation Adopted by* 2011 WL 5166418 (N.D. Fla. Nov. 1, 2011) (dismissal of prior case with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, constitutes a final judgment on the merits for purposes of res judicata).

III.   CONCLUSION

The instant case is barred by the doctrine of res judicata; therefore, it should be dismissed as frivolous. *See* Hawley v. Bd. of Regents of the Univ. Sys. of Ga., 203 F. App'x 997, 997 (11th Cir. 2006) (unpublished) (affirming district court's determination that plaintiff's claims were barred by res judicata and thus properly dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *see also* Salter v.

Case No.: 3:16cv429/RV/EMT

Sec'y Dep't of Corrs., No. 3:13cv76/MCR/EMT, 2014 WL 3586536, at *3 (N.D. Fla. July 21, 2014) (unpublished) (dismissing case as barred by res judicata and thus subject to dismissal as frivolous, pursuant to § 1915(e)(2)(B)(i)); McKinney v. Wakulla Cnty. Sheriff Dep't, No. 4:11cv613/WS/WCS, 2012 WL 898613, at *2 (N.D. Fla. Feb. 21, 2012) (unpublished) (dismissing case as barred by res judicata and thus subject to dismissal pursuant to § 1915(e)(2)(B)(i)), *Report and Recommendation Adopted By* 2012 WL 898612 (N.D. Fla. Mar. 15, 2012), *appeal dismissed*, Case No. 12-11659 (11th Cir. Aug. 9, 2012).

Based upon the foregoing, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED with prejudice** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it is barred by the doctrine of res judicata.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 17th day of October 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**